IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD SELLERS, as assignee of GARY GARDNER & GARY GARDNER BUILDERS, INC., | ] ] ] ] | |
| Plaintiff, | ] ] | CIVIL ACTION NO.: 2:15-CV-957- KOB |
| v. | ] ] | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and STEVE DURHAM d/b/a S. DURHAM CONTRACTING, | ] ] ] ] | |
| Defendants. | | |

**MEMORANDUM OPINION**

The Plaintiff Ronald Sellers sued Nationwide and Steve Durham in the Circuit Court of

Jefferson County, Alabama pursuant to Ala. Code § 27-23-2, known as Alabama's Direct Action

Statute. (Doc. 1-1). Nationwide timely removed the case to this court and filed a Motion for

Summary Judgment. (Doc. 13). Because Nationwide fails to show that it is entitled to judgment

as a matter of law, the court **DENIES** its motion. Mr. Sellers has also moved for entry of default

judgment against Mr. Durham. (Doc. 20). The court **DENIES** Mr. Sellers's motion at this time

**WITHOUT PREJUDICE**.

I.      **FACTS**

Ronald Sellers entered into a contract with Gary Gardner and Gardner Builders, Inc., for

the construction of a home. Mr. Gardner then hired Steve Durham, d/b/a S. Durham

Construction, to perform footing and foundation work on the house. After Mr. Sellers moved into

the home, he discovered construction defects, some of which involved the foundation work. According to Mr. Sellers, both Mr. Gardner and Mr. Durham refused to correct the defects.

On June 24, 2008, Mr. Sellers sued Mr. Gardner and Mr. Durham in the Circuit Court of Jefferson County, Alabama.[1] Mr. Gardner then filed cross-claims against Mr. Durham.

Mr. Durham filed a Chapter 7 bankruptcy petition in July of 2010 while the state court action was pending. At that time, Mr. Sellers filed a motion in bankruptcy court seeking relief from the stay to pursue his state court claims against Mr. Durham. The bankruptcy court granted Mr. Sellers's motion in part.[2] The bankruptcy court's order lifted the stay to permit Mr. Sellers to prosecute his pending claims in his state court lawsuit against Mr. Durham and required Mr. Sellers to limit his collection efforts to the extent of the available insurance benefits.

In August of 2010, Mr. Gardner sought relief from the bankruptcy court stay to pursue his claims against Mr. Durham in state court. The bankruptcy court entered a courtroom deputy note regarding Mr. Gardner's motion that stated "this matter is settled and the parties are to submit a proposed order." (Doc. 13-6 at 2). The bankruptcy court discharged Mr. Durham from

---

[1]CV-2008-001910.00

[2] The bankruptcy court's August 9, 2010 order partially granting Mr. Sellers's motion for relief from stay reads:

> Based on the pleadings filed in this matter and agreement of the parties, the Motion for Relief from Stay (Doc #10) is Granted, in part. The lift of the stay will permit Plaintiffs to prosecute their claims in the State Court lawsuit of Ronald and Kimberly Sellers v. Steve Durham d/b/a S. Durham Contracting, et. al. pending in the Circuit Court of Jefferson County, Alabama, CV-2008-1910. However, in the event of a judgment against the debtor, Plaintiffs shall limit their collection efforts to the extent of available insurance benefits only. The Plaintiffs may not attempt to enforce any judgment against any other asset of the Bankruptcy Estate.

(Doc. 13-4).

bankruptcy on October 8, 2010. The court never granted Mr. Gardner's motion for relief from the stay prior to Mr. Durham's discharge.

Meanwhile, on October 19, 2011, Mr. Sellers and Mr. Gardner entered into a settlement agreement in the state court action by which Mr. Sellers released all claims against Mr. Gardner in exchange for a receipt of $100,000 from Mr. Gardner and the assignment of Mr. Gardner's claims against Mr. Durham. (Docs. 13-18 and 13-19). Following the assignment, Mr. Sellers, as Mr. Gardner's assignee, amended Mr. Gardner's earlier cross claim in the state court action to assert various claims of breach of contract, breach of warranty, negligence, and indemnity against Mr. Durham. (Doc. 13-10).

On July, 15, 2011, Nationwide filed a complaint for declaratory judgment in the United States District Court for the Northern District of Alabama to determine its obligations to defend and indemnify Mr. Durham for *Mr. Sellers's claims* in the state court action.[3] Mr. Gardner was not a defendant in Nationwide's action for a declaratory judgment. Instead, the only defendants were Ronald Sellers, Kimberly Sellers, and Steve Durham, d/b/a/ as S. Durham Contracting.

On August 6, 2012, the magistrate judge in Nationwide's declaratory judgment action entered a Report and Recommendation that Nationwide's motion for default judgment against Mr. Durham and Nationwide's motion for summary judgment against Ronald and Kimberly Sellers be granted. (Doc. 13-11). Then, the court entered a final judgment in Nationwide's declaratory judgment action, adopting and affirming the magistrate judge's Report and Recommendation and ordering that Nationwide "has no obligation to defend or indemnify either

_____

[3]CV 2:11-2581-RBP

of the defendants with reference to the subject matter of this action" and entering a default judgment against Mr. Durham. (Doc. 13-12).

On October 3, 2012, Mr. Sellers, as assignee, filed a "motion to reopen bankruptcy case for administrative relief" with the bankruptcy court. (Doc. 13-13).[4] The bankruptcy court held a hearing on Mr. Seller's motion and requested briefing from counsel. After multiple extensions of the briefing schedule, Mr. Sellers filed a motion to withdraw his motion to reopen Mr. Durham's bankruptcy. The bankruptcy court granted Mr. Seller's motion to withdraw on August 8, 2013, and the bankruptcy court never lifted the stay regarding Mr. Gardner's claims against Mr. Durham.

Then, on October 3, 2013, Mr. Sellers, individually and as Mr. Gardner's assignee, and Mr. Durham jointly filed a motion for entry of a consent judgment in the state court action. (Doc. 13-16). The state court's order entering judgment in Mr. Sellers' favor for $250,000 provided:

> This judgment is conditioned upon and subject to the following, as agreed and submitted by the parties:
>
> 1. During the pendency of the Bankruptcy action, the plaintiff Ronald Sellers moved for and obtained leave to pursue his claims against Durham to the extent that insurance coverage was afforded those claims. The enforcement of any judgment is limited to available insurance benefits by order of the Bankruptcy Court. (Case 10-04049-BGC7, Doc. 24).
>
> 2. Gary Gardner and/or Gardner Builders sought leave to pursue claims against Durham to the extent insurance was available and likewise represented to the Court that such leave would not have any effect on the Debtors [sic] discharge. The enforcement of any judgment is limited to available insurance benefits. (Case 10-04049-BGC7, Doc. 28 and 52.)

---

[4]The court notes that Mr. Sellers has not contested several of Nationwide's purported uncontested facts. Accordingly, when Nationwide has asserted a fact that is supported by the record and Mr. Sellers has failed to address it, the court has considered that fact undisputed for the purposes of this opinion. *See* Fed. R. Civ. P. 56.

      3. The Plaintiff herein may not execute on the judgment against Steve
Durham, individually or d/b/a S. Durham Contracting. The Plaintiff may
proceed against any available insurance policy insuring Durham pursuant to
Ala. Code 27-23-2 (1975), the Direct Action Statute, but shall not proceed
against Durham.

(Doc. 13-17 at 2).

      Then Mr. Sellers, *only in his capacity as Mr. Gardner's assignee*, filed this case against

Nationwide and Mr. Durham pursuant to Ala. Code § 27-23-2, the Alabama Direct Action

statute, seeking a judgment to be entered against Nationwide in the amount of $250,000.[5]

Nationwide then removed the case to this court.

## II.   STANDARD OF REVIEW

### A.   Summary Judgment

      Summary judgment allows a trial court to decide cases when no genuine issues of

material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed.

R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine

two things: whether any genuine issues of material fact exist, and whether the moving party is

entitled to judgment as a matter of law. *Id.*

      The moving party "always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

---

[5]Although Ronald Sellers and Kimberly Sellers were parties to both the state court case and
the declaratory judgment action, Ronald Sellers, as the assignee of Mr. Gardner, is the only plaintiff
in this case.

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

In response, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added).

The court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the non-moving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must refrain from weighing the evidence and making credibility determinations because these decisions belong to a jury. *See Anderson*, 477 U.S. at 254.

Further, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion *only if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

**B.      Default Judgment**

The clerk of court is authorized to enter default against a party who has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). After default has been entered, a plaintiff may move for a default judgment against the defaulted defendant. Fed. R. Civ. P. 55(b). Default alone does not warrant a default *judgment*; the pleadings must set forth a sufficient factual basis for judgment to be entered against the defendant. *See Surtain v. Hamlin Terrace Found*., 789 F.3d 1239, 1245 (11th Cir. 2015).

### III.   DISCUSSION

**A.      Effect of Bankruptcy Discharge on Mr. Gardner's Claims**

Nationwide argues that it cannot be liable to Mr. Sellers because Mr. Gardner's claims were discharged in Mr. Durham's bankruptcy proceeding. However, the "discharge of a debt of the debtor does not affect the liability of any other entity on . . . such a debt." 11 U.S.C. § 524(e). A bankruptcy discharge is meant to provide a "financial fresh start" to debtors, not a windfall for insurance companies. *See In re Jet Florida Sys., Inc.*, 883 F.2d 970, 972 (11th Cir. 1989); *see also Green v. Welsh*, 956 F.2d 30, 33 (2d. Cir. 1992) ("Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit."). A discharge removes a debtor's personal liability, but it does not extinguish the underlying debt. Although a creditor is prevented from pursuing Mr. Durham to collect on the debt, it may pursue a third party who is also liable. Therefore, the discharge of Mr. Durham's personal liability for his debts does not affect Nationwide's potential liability for those obligations.

B.        **Validity of the Consent Judgment**

Mr. Sellers, as Mr. Gardner's assignee, brought this case pursuant to Alabama's Direct

Action statute, Ala. Code § 27-23-2. The statute provides:

> Upon the recovery of a final judgment against any person, firm, or corporation by any
> person . . . for loss or damage to property, if the defendant in such action was insured
> against the loss or damage at the time when the right of action arose, the judgment
> creditor shall be entitled to have the insurance money provided for in the contract of
> insurance between the insurer and the defendant applied to the satisfaction of the
> judgment, and if the judgment is not satisfied within 30 days after the date when it
> is entered, the judgment creditor may proceed against the defendant and the insurer
> to reach and apply the insurance money to the satisfaction of the judgment.

Ala. Code § 27-23-2.

Under Alabama law, "an injured party cannot bring a direct action against the insurance

carrier, absent a final judgment against its insured." *S. Pioneer Prop. & Cas. v. Bennett*, 2010

WL 1416123 (M.D. Ala. Apr. 7, 2010) (citing *Maness v. Alabama Farm Bureau Mut. Cas. Ins.*

*Co.*, 416 So. 2d 979, 981–82 (Ala. 1982)).

Section 524(a) clarifies that the discharge of a debtor does not affect the liability of a third

party, but it does not serve as a basis for an independent cause of action. *See Grant v.*

*Progressive Ins. Co.*, 535 F. Supp. 2d 296, 299 (D. Conn. 2008) ("§ 524(e) does not itself

provide a cause of action . . ."). Therefore, Mr. Sellers's ability to bring this suit is premised on

the validity of the Alabama state court judgment in *Sellers v. Durham*. (Doc. 17).

Nationwide argues that Mr. Durham's discharge in the bankruptcy proceeding voids the

judgment. *See* 11 U.S.C. § 524(a)(1) ("A discharge . . . voids any judgment at any time obtained,

to the extent that such judgment is a determination of the personal liability of the debtor with

respect to any debt discharged."). Nationwide also argues that the judgment is based on the false

- 8 -

premise that Mr. Gardner had the leave of the bankruptcy court to pursue his claim against Mr. Durham, and therefore is invalid.

Section 524(a) does not void the judgement. The statute "does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer." *In re Jet*, 883 F.2d at 973. The permanent injunction against collection actions applies "only with respect to the personal liability of the debtor" and so creditors are not precluded from "commenc[ing] a suit against a debtor . . . to establish liability of another." *Id.* Therefore, Mr. Sellers and Mr. Gardner were not barred by the permanent injunction from seeking to establish Mr. Durham's liability to them in state court to invoke recovery from Nationwide.

Nationwide puts great emphasis on the procedural posture of *In re Jet* and other similar cases, noting that the appellate courts were reviewing decisions of the bankruptcy court to grant relief from the permanent injunction. Accordingly, Nationwide claims *In re Jet* "stands for the proposition that Plaintiff must make necessary filings and may obtain relief from the permanent injunction . . . in the bankruptcy court." (Doc. 18 at 3) (emphasis omitted).

But *In re Jet* does not state–or even imply–such a rule. On the contrary, the Eleventh Circuit's broad language cannot be squared with Nationwide's narrow reading. In *In re Jet*, the Eleventh Circuit did not find that the bankruptcy court should have granted the motion to vacate the injunction. Rather, it found that the injunction *did not apply* to the creditor's nominal claim against the debtor–*that* is the holding of *In re Jet*. *In re Jet* does not say that a plaintiff may proceed against a debtor to establish the liability of a third party *only with the leave of a bankruptcy court*–it says that a plaintiff may nominally proceed against the debtor. *See In re Jet*,

883 F.2d  at 976 ("[A] plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable."). The procedural differences Nationwide notes do not make a legal difference.

The principle that § 524(a) does not bar a third-party creditor from proceeding nominally against a debtor is widely embraced by Circuit Courts across the country, as evidenced by another case on which Nationwide relies. *See Matter of Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993) ("Most courts have held that the scope of a section 524(a) injunction does not affect the liability of liability insurers and does not prevent establishing their liability by proceeding against a discharged debtor.").

Why then do some creditors seek relief from the stay or injunction to nominally pursue the debtor to establish the liability of a third-party? Out of an abundance of caution. *See In re Patterson*, 297 B.R. 110, 114–16 (Bankr. E.D. Tenn. 2003) (noting that bankruptcy courts often grant such motions "to provide the moving party with the security of an order"). Seeking relief from the stay or injunction in the bankruptcy court may provide a party desired assurance, but it is not, as Nationwide suggests, a procedural prerequisite to proceeding nominally against a debtor to establish the liability of a third-party. The fact that the bankruptcy court never granted Mr. Gardner (or Mr. Sellers as Gardner's assignee) leave to pursue his claims against Mr. Durham is immaterial as to whether Mr. Sellers may now nominally pursue those claims against Mr. Durham to establish Nationwide's liability.

Nationwide also argues that the consent judgment is "based on the false premise" that the bankruptcy court had granted leave for *Mr. Gardner's* claims against Mr. Durham to be pursued in state court. (Doc. 18 at 6). But all the state court order said was that Mr. Gardner "*sought* leave

to pursue claims against Mr. Durham." (Doc. 13-7 at 2). The order does not say Mr. Gardner *obtained* relief to do so. In contrast, a mere paragraph earlier, the court stated that the Mr. Sellers had "moved for and obtained leave." *Id.* Clearly, the state court recognized the different procedural postures of each of the claims in bankruptcy court and memorialized them in its order. The judgment was not based on a false premise, but an accurately recitation of the correct procedural posture of all previous proceedings.

### C.     Effect of Declaratory Judgment on Mr. Gardner's Claims

Finally, Nationwide argues that Mr. Sellers is attempting to "circumvent the prior judicial determinations regarding the lack of coverage for the alleged property damage or the application of coverage exclusions." (Doc. 18 at 4). Nationwide substantively raises this argument for the first time in its Reply Brief. Although Nationwide mentions the declaratory judgment action in setting out the facts of its motion for summary judgment, it never argues that the judgment in that case precludes Mr. Sellers's efforts in this litigation. *See Brown v. CitiMortgage, Inc.*, 817 F. Supp. 2d 1328, 1332 (S.D. Ala. 2011) ("[I]t is improper for a litigant to present new arguments in a reply brief."). Because Nationwide failed to advance this argument in its original motion, the court should disregard it.

However, even when considered on the merits, Nationwide's argument fails. As a preliminary matter, the court notes that Nationwide does not specify whether its argument is that Mr. Sellers is barred by issue preclusion, claim preclusion, or both. However, claim preclusion clearly does not apply. Even if the court assumes that Mr. Sellers would be considered the same party, even though he appeared in the actions in different capacities in the two actions, Mr. Sellers did not acquire rights to Mr. Gardner's claim until after the declaratory judgment action.

Mr. Sellers could not have brought Mr. Gardner's claims as a counterclaim in the action. As such, claim preclusion does not apply. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (noting that a party is precluded from bringing a claim "that could have been raised previously" in a subsequent action).

The court now considers whether Mr. Sellers is precluded from re-litigating the issue of Nationwide's obligations under the insurance policy issued to Mr. Durham. Because the declaratory judgment was entered by a federal court, federal principles of issue preclusion apply. *See In re St. Laurent*, 991 F.2d 672, 676 (11th Cir. 1993), as corrected on reh'g (June 22, 1993). For issue preclusion to apply, four elements must be met: (1) the same issue must have been raised in the prior action; (2) it must have been actually litigated; (3) the determination of that issue must have been essential to the judgment reached; and (4) the party to be precluded must have had a full and fair opportunity to litigate the issue. *See CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1317 (11th Cir. 2003).

The declaratory judgment action and this case do not involve the same issues. Nationwide asks the court to preclude Mr. Gardner's claims because they involve the same "gravamen" as Mr. Sellers's claims which were adjudicated in the prior declaratory judgment action. But the issues are materially different in at least two ways.

First, the issues of Nationwide's liability to Mr. Gardner and duty to defend Mr. Durham from Mr. Gardner's claims were not litigated in the declaratory judgment action. In the declaratory judgement action, the court found that Nationwide had no duty to defend Mr. Durham or indemnify *Mr. Sellers* for defects in Mr. Durham's construction work. Because Mr. Gardner was not a party to the declaratory judgment action, the court did not address

Nationwide's liability to Mr. Gardner or its duty to defend Mr. Durham from Mr. Gardner's claims. Put simply, the declaratory judgment states that Durham's Nationwide policy does not provide coverage for the Sellerses's claims and that Nationwide no duty to defend Mr. Durham from the Sellerses's claims; the judgment says nothing about Nationwide's obligation to defend Mr. Durham or its liability to Gardner for his claims.

Even assuming that the underlying facts of the claims were precisely identical, whether the policy provided coverage for Mr. Gardner's claims is a separate question from whether the policy provided coverage for the Sellerses's claims. *See Hart v. Yamaha-Parts Distributors, Inc*., 787 F.2d 1468, 1474 (11th Cir. 1986) (finding no issue of law or fact adjudicated with respect to an entity that was not a party to the suit). The nature of the relationship may affect the parties' respective rights. Simply because an underlying fact may be the same–Mr. Durham constructed a shoddy foundation–does not necessarily mean that the insurance policy covers the claims of each party identically. Whether Nationwide's policy provides coverage for the Sellerses's claims and whether it provides coverage for Mr. Gardner's claims are distinct issues.

In the cross complaint against Mr. Durham, Mr. Gardner alleged that Mr. Durham must indemnify him for any liability he may have to Mr. Sellers. Nationwide seems to suggest that the exclusions that prevented Nationwide from being liable to Mr. Sellers apply with equal force to Mr. Gardner. But such a conclusion cannot be reached without further exposition of the insurance contract. And even if the court were inclined to parse the insurance contract itself and uncover whether the claims would be treated the same, it cannot do so because the policy has not been provided to the court as an exhibit.

Second, Mr. Sellers's and Mr. Gardner's claims are distinct in the types of claims they allege. The cross complaint also alleges independent causes of actions against Mr. Durham, including that Mr. Durham had a duty to warn Mr. Gardner directly about his defects, breached his duty to Mr. Gardner to supervise and train his agents, and breached express and implied warranties owed to Mr. Gardner. These claims–and whether they were covered under the Nationwide policy–could not possibly have been adjudicated in the declaratory judgment action because they are uniquely Mr. Gardner's claims, and Mr. Gardner's claims were not presented to the court for declaratory judgment. Therefore, Mr. Sellers is not precluded from bringing this action.

### D.      Default Judgment Against Durham

Mr. Sellers has moved for a default judgment against Mr. Durham. (Doc. 20). The court **DENIES** the motion at this time **WITHOUT PREJUDICE**. Because Mr. Durham is joined to this action as an indispensable, nominal party and Mr. Sellers does not seek monetary damages from him, the court does not believe default judgment is appropriate at this time.

## IV.      CONCLUSION

The court **DENIES** Nationwide's Motion for Summary Judgment and **DENIES WITHOUT PREJUDICE** Mr. Sellers's Motion for a Default Judgment against Mr. Durham.


**DONE** this the 27th day of September, 2016.

_____

KARON OWEN BOWDRE

CHIEF UNITED STATES DISTRICT JUDGE