IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD SELLERS, as assignee of GARY GARDNER & GARY GARDNER BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: CV-2015-00957-KOB |

## NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S MOTION TO STRIKE ALL EXHIBITS SUBMITTED BY PLAINTIFF

Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") files this motion to strike all evidence submitted by Plaintiff in support of its memorandum of law and any reference thereto in Plaintiff's argument. [Docs. 41 and 42] In support of its motion to strike this evidence and any reference thereto, Nationwide states as follows:

I.  **Depositions are not admissible.**

The Plaintiff seeks to introduce as evidence the deposition testimony of Richard Laframboise[1] [Doc. 42-6, Exhibit 23], deposition testimony of Joel

---

[1] Taken July 12, 2011.

Wehrman[2] [Doc. 42-8, Exhibit 25], the deposition testimony of James Boohaker[3] [Doc. 42-10, Exhibit 27], the deposition of Steve Durham [Doc. 42-1, Exhibit 18], and the deposition testimony of Gary Gardner [Doc. 42-2, Exhibit 19]. Nationwide moves to strike these exhibits and any reference to the testimony therein on the grounds that Nationwide was not present at the depositions and had no opportunity to cross-examine the witnesses. Plaintiff seeks to use discovery (depositions and exhibits) against Nationwide from a different lawsuit in which Nationwide had no opportunity or right to protect or assert its interests. See Rules 403 and 802, Fed. R. Evid.

Deposition testimony is only admissible against a party if the party was either present at the deposition or represented by counsel, or at least had reasonable notice of the deposition. Fed. R. Civ. P., Rule 32. None of these procedures were followed in this matter. The evidence is clearly excludable and due to be stricken from the record. See Lauson v. Stop-N-Go Foods, Inc., 133 F.R.D. 92 (W.D.N.Y. 1990) (If a party does not receive a notice of a deposition and does not appear, or is not represented at the deposition, the testimony cannot be used against that party, even if the party had actual knowledge.)

---

[2]Taken September 7, 2010.
[3]Taken July 12, 2011.

## II. The Expert Reports Fail to Meet the Standard for Admission of Expert Opinion "Testimony."

The Plaintiff has attempted to utilize documents allegedly prepared by their experts. According to the Federal Rules of Evidence and supporting federal case law interpreting and applying the Rules, the inspection report of Richard Laframboise, E-Services, Inc. [Doc. 42-5, Exhibit 22], inspection report of Joel Wehrman, Durham & Wehrman Engineering, Inc. [Doc. 42-7, Exhibit 24], and estimate report of James Boohaker, Boohaker & Associates, LLC [Doc. 42-9, Exhibit 28] do not qualify as admissible testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Federal Rule of Evidence 703, in relevant part states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.

Fed. R. Evid. 703. "Testimony," which is the topic of Rule 702 and 703, is defined as "[e]vidence that a competent witness under oath or affirmation gives at trial or

in an affidavit or deposition."[4]  Black's Law Dictionary, 1485 (7th ed. 1999). According to the Committee Notes on Rules – 2000 Amendment, Rule 702 requires the trial court to assure itself that the expert "*employs in the courtroom* the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  See Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167, 1176 (1999) (emphasis added).

The documents submitted by Plaintiff should be excluded for failing to comply with Rules 702 and 703 and federal case law.  While Rules 702 and 703 provide a narrow exception to the rule against the admission of hearsay evidence, they do so only in the context of expert opinion *testimony*, not reports. Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 729 (6th Cir. 1994)).  It is clear that the oath or affirmation at trial or in an affidavit is what is admissible." Black's Law Dictionary, 1485 (7th ed. 1999).

According to federal case law, Federal Rule of Evidence 702 "permits the admission of expert opinion *testimony*, not opinions contained in documents prepared out of court." See Martin v. Indiana Michigan Power Co., 292 F. Supp.2d 947, 958 (W.D. Mich. 2002) (emphasis in original) (quoting Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 728 (6th Cir. 1994)).  While Rule 703 allows a testifying expert to rely on materials, including inadmissible hearsay, in forming

---

[4] These alleged "reports" are not signed to under affirmation or penalty of perjury or before a notary, therefore, they are inadmissible.  See, *infra* p. 6.

the basis of his opinion, neither it nor Rule 703 permit the admission of materials relied on by an expert witness for the truth of the matters they contain if the materials are otherwise inadmissible. Engebretsen, 21 F.3d at 728 (citing Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1261-62 (9th Cir. 1984)). The Engebretsen Court elaborated that:

> "Rule 703 merely permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion. Moreover, such materials should not be admitted if the risk of prejudice substantially outweighs their probative value. See Fed. R. Evid. 403; Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1270-71 (7th Cir. 1988). When inadmissible materials are admitted for explanatory purposes, the opposing party is entitled to a limiting instruction to the jury that the evidence may be considered 'solely as a basis for the expert opinion and not as substantive evidence.' Paddack, 745 F.2d at 1262."

Engebretsen, 21 F.3d at 729. In other words, Rules 702 and 703 carve out a narrow exception to the rule against the admission of hearsay evidence, but only in the context of expert opinion testimony. Id. (Opinions contained in the documents prepared out of court do not qualify as admissible expert opinion testimony).

While Rules 702 and 703 permit Plaintiff's proffered expert to *testify* as to his opinion in court and rely on inadmissible evidence, neither the *written opinion* of the expert, that is, the reports, nor the materials on which they relied are admissible under Rules 702 and 703. Engebretsen, 21 F.3d at 729. The Sixth

Circuit Court of Appeals clearly stated the rule that written opinions or reports that are prepared outside the court are inadmissible. Id. (holding that lower court's ruling, which allowed the admission of the written reports of expert opinion, was erroneous and such written reports must be excluded, as they did not comply with Rules 702 and 703). Because the reports qualify as "opinions contained in a document prepared out of court," they must be excluded as failing to comply with Rules 702 and 703. See Martin, 292 F. Supp.2d at 958; Engebretsen, 21 F.3d at 728.

Moreover, the reports, while signed by the author, are not sworn testimony. Reports which are unsworn are not competent evidence for a ruling on a motion for summary judgment motion. Fed. R. Civ. P., Rule 56(e) and 56(c)(4); Sofford v. Schindler Elevator Corp., 954 F. Supp. 1459 (D. Co. 1997). In Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, n. 17, 90 S. Ct. 1598, 1608 n. 17, 26 L.Ed.2d 142 (1970), the Supreme Court observed that an unsworn statement submitted in support of a motion for summary judgment did not meet the requirements of Rule 56(e) and therefore cannot be considered by this Court. See also, Fed. R. Civ. P., Rule 56(e). Other courts have followed Adickes and declined to consider unsworn expert reports and other unsworn statements submitted in the summary judgment context. See e.g., Fowle v. C&C Cola, 868 F.2d 59, 67 (3rd Cir. 1989) (unsworn expert's report "is not competent to be considered on a motion for summary

judgment"); Wittmer v. Peters, 87 F.3d 916 (7th Cir. 1996)(unsworn expert reports are "not, strictly speaking, admissible to support or oppose summary judgment"), cert. denied 519 U.S. 1111, 117 S. Ct. 949, 136 L.Ed.2d 837 (1997).

### III.    Affidavits Are Due to Be Stricken.

####    A.    Affidavit of Kimberly Sellers[5].

Affidavits, if submitted, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto...." See 56(e), Fed R. Civ. P. See also Schubert v. Nissan Motor Corp., 148 F.3d 25, 29 (1st Cir. 1998); Scosche Ind., Inc. v. Visor Gear, Inc., 121 F.3d 675, 680 (Fed. Cir. 1997) and cases cited therein. In applying Rule 56, the courts have steadfastly adhered to the general principle that evidence offered in support of or in opposition to a summary judgment **motion must be evidence that would be admissible at the trial of the matter.** Raskin v. Wyatt Co., 125 F.3d 55, 65 (2d Cir. 1997) ("... only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."). Mrs. Sellers is deceased, therefore, her affidavit [Doc. 42-4, Exhibit 21] is inadmissible as it is not evidence that could be admissible at the trial of this matter.

---

[5] Mrs. Sellers is not a party in her individual capacity nor is her estate a party.

### B. The Affidavit of Richard Laframboise is inadmissible.

This affidavit is <u>not signed</u> and was not witnessed in the presence of a notary public. [Doc. 42-11, Exhibit 28]  A document is insufficient as an affidavit where the signature of the affiant is not acknowledged by a notary public.  <u>Ex parte Finance American Corp.</u>, 507 So. 2d 458 (Ala. 1987).  In order for an acknowledgement to be effective, it must clearly identify the person who executed the document, **and the person signing the instrument must have appeared before a notary or other officer and acknowledged that he signed the document**.  475 So. 2d 842, 844 (Ala. 1985) (emphasis added).  <u>See also</u> Fed. R. Evid. 603. This exhibit is due to be stricken.

### C. The Affidavit of Ronald Sellers is inadmissible.

Mr. Sellers has submitted an affidavit in a state court action, not this federal court action, that was allegedly signed on March 31, 2010. [Doc. 42-3, Exhibit 20]  Mr. Seller's affidavit states inadmissible hearsay testimony that is being offered for the truth of the matter asserted.  In paragraph 5 of the affidavit Mr. Sellers states "Mr. Gardner informed us that the moisture issue was fixed and there would be no additional moisture problems.  He also told us that the 'hairline' crack in the concrete was normal and expected and was not any indication of damage."[6]  [Doc. 42-3, pp. 3-4, Para. 5]  Mr. Sellers stated "Upon discovery of the cracks we

---

[6] This is being offered for the truth of the matter asserted as Mr. Sellers goes on to state "we believed that the moisture problem had been corrected due to the builder's statement." [Doc. 42-3, pp. 3-4, Para. 6]

contacted the Builder Gary Gardner to have the problem inspected and corrected. Defendant Gardner instructed us to contact the foundation subcontractor." [Doc. 42-3, pp. 3-4, Para. 9] Lastly, Mr. Sellers stated "The Alabama Homebuilders Licensure Board sent out an inspector to the home who informed us that the foundation was failing, resulting in the homes settling and causing the brick on the home to crack." [Doc. 42-3, pp. 3-4, Para. 11] These statements constitute hearsay and are inadmissible. See Fed. R. Evid. 801.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Nationwide requests that the Court strike the exhibits submitted by Plaintiff in Court Doc. 42.

/s/ Kori L. Clement
Kori L. Clement (asb-5125-l72k)
Brennan C. Ohme (asb-8419-m70b)
Attorneys for Defendant
Nationwide Mutual Fire Insurance Company

OF COUNSEL:
HARE & CLEMENT, P.C.
100 Chase Park South, Suite 200
Hoover, Alabama 35244-1851
Telephone: (205) 322-3040
Facsimile: (205) 403-4975
Email: clem@harelaw.com
       ohme@harelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of JUNE, 2017, I electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

H. Arthur Edge, III
H. Arthur Edge, III, P.C.
2320 Highland Avenue South
Suite 175
Birmingham, Alabama 35205-2966
*Attorney for Plaintiff Ronald Sellers*

I hereby certify that on the same date identified above, I placed a copy of the foregoing in the United States mail, properly addressed and postage pre-paid, to the following party:

Steve Durham d/b/a S. Durham Contracting
732 Riverbend Circle
Talladega, Alabama 35160
*Pro Se Defendant (Improperly Aligned)*

/s/ Kori L. Clement
Of Counsel