IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD SELLERS, as assignee of GARY GARDNER & GARY GARDNER BUILDERS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and STEVE DURHAM d/b/a S. DURHAM CONTRACTING,<br><br>Defendants. | CIVIL ACTION NO.:<br>2:15-CV-957-KOB |

## MEMORANDUM OPINION

Before the court is Defendant Nationwide's motion to strike (doc. 43) certain exhibits attached to Plaintiff Sellers's Response Brief regarding legal issues identified by the court (doc. 41). The exhibits Nationwide seeks to strike include deposition testimony of Richard Laframbroise, Joel Wehrman, James Boohaker, Steve Durham, and Gary Gardner (docs. 42-1, 2, 6, 8, 10); inspection reports of Richard Laframboise (doc. 42-5) and Joel Wehrman (doc. 42-7); an estimate report of James Boohaker (doc. 42-9); and affidavits of Kimberly Sellers, Richard Laframboise, and Ronald Sellers (docs. 42-4, 11, 3). Nationwide objects to their submission and moves the court to strike the exhibits. (Doc. 43). The court now addresses the evidence and Nationwide's objections.

**1. Deposition Testimony**

Nationwide argues the court should strike the depositions of Richard Laframboise, Joel Wehrman, James Boohaker, Steve Durham, and Gary Gardner because they were all taken in a

1

previous state court action when Nationwide was not present and had no opportunity to cross-examine the deponents. (Doc. 43 at 1-2).

Rule 32(a) of the Federal Rules of Civil Procedure provides that "all or part of a deposition may be used against a party" if "(A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)." Federal Rule of Evidence 804(b)(1) adds that deposition testimony from an earlier action, whether or not the parties are the same, is allowed if the party against whom the testimony is offered, "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." The Eleventh Circuit has interpreted these rules together to permit the use of deposition testimony taken in a different proceeding as long as the party against whom the testimony is offered "was provided with an opportunity to examine the deponent." *Nippon Credit Bank, Ltd. v. Matthews,* 291 F.3d 738, 750–751 (11th Cir. 2002).

Here, the transcripts of depositions to which Nationwide objects were taken in the state civil case entitled *Sellers v. Gardner Builders, Inc., et al.*, No. CV 2008-0910, in the Circuit Court of Jefferson County, Alabama. Although Nationwide was defending Mr. Durham in that case, it was doing so under a reservation of rights. *See* (Case No. 2:11-cv-2581, doc. 1 at 4). In Alabama, an insurance company defending an insured under a reservation of rights owes an "enhanced obligation of good faith towards its insured in conducting such a defense." *L & S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298, 1303 (Ala. 1987). That enhanced obligation requires the insurer to retain defense counsel for the insured who "must understand that only the insured is the client," and the insurance company "must refrain from

engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk." *Id.* (quoting *Tank v. State Farm Fire & Casualty Co.*, 715 P. 2d 1133, 1137 (Wash. 1986)).

Nationwide's duty to defend Mr. Durham in the previous state court proceeding would have, presumably, given Nationwide notice of the depositions at issue. But its enhanced duty to Mr. Durham prevented Nationwide from examining the deponents for its own interests regarding coverage. Nationwide had a different motive from Mr. Durham, and questioning the deponents to further its own interests would have violated its duty to provide Mr. Durham with a good faith defense. Therefore, the court will strike the deposition transcripts of Richard Laframbroise, Joel Wehrman, James Boohaker, Steve Durham, and Gary Gardner (docs. 42-1, 2, 6, 8, and 10) because Nationwide lacked the opportunity to examine the deponents.

**2. Reports of Mr. Laframboise, Wehrman, and Boohaker**

Nationwide also objects to Mr. Sellers's use of Mr. Boohaker's estimate report for repairing the home and Mr. Laframboise's and Joel Wehrman's inspection reports detailing their analysis of the home's defects and their potential causes. Nationwide argues the court should not consider them on two grounds: (1) the reports do not qualify as admissible testimony under Fed. R. Evid. 702 and 703; and (2) the reports are inadmissible because they are unsworn.

First, Nationwide argues the reports should be excluded because they fail to comply with Rules 702 and 703 of the Federal Rules of Evidence. Nationwide contends Rule 702 only permits the admission of expert "*testimony*, not opinions contained in documents prepared out of court." (Doc. 43 at 4). And, "[w]hile Rules 702 and 703 permit Plaintiff's proffered expert to testify as to his opinion in court and rely on inadmissible evidence, neither the written opinion of the

expert, that is, the reports, nor the materials on which they relied are admissible under Rules 702 and 703." (*Id.* at 5).

Nationwide is correct that expert reports are inadmissible at trial, and "[e]vidence inadmissible at trial cannot be used to avoid summary judgment." *Corwin v. Walt Disney, Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007). But, Nationwide is mistaken regarding whether the court may consider those reports before trial, such as while performing Rule 56 analysis. "When expert reports are produced in discovery and represent anticipated trial testimony by experts, it is appropriate for the court on motion for summary judgment to consider the reports in determining the existence of genuine issues of material fact." *Wright & Miller*, Federal Practice and Procedure § 2724, n.6 (4th ed. 2017) (citing *Unterberg v. Correctional Medical Systems, Inc.*, 799 F.Supp. 490 (E.D. Pa. 1992)). *See, e.g., Mueller v. Chugach Federal Solutions, Inc.,* No. 12-S-00624-NE, 2014 WL 2891030, at *13 (N.D. Ala. June 25, 2014); *In re ObTape Transobturator Sling Products Liability Litigation*, 711 F. Supp. 2d 1348, 1368 (M.D. Ga. 2010); *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1300, 1310 n.6 (M.D. Fla. 2006).

Here, Mr. Laframboise and Mr. Wehrman inspected Mr. Sellers's home to determine the cause of the defects that the Sellerses had discovered. Their reports capture their findings and opinions regarding the home's condition and the steps required to repair the home. Because the reports to which Nationwide objects are based on the personal knowledge of Mr. Laframboise and Mr. Wehrman, as supported by their sworn affidavits attached to them, the reports contain information that could easily be reduced to evidence admissible at trial; the two men could simply take the stand and testify regarding the results of their inspections. Because the court finds the contents of the reports are reducible to admissible form, the court will not strike Mr.

Laframboise's and Mr. Wehrman's reports on the grounds that the reports themselves are inadmissible.

Nationwide also argues the reports should be excluded because they were not signed before a notary public, and are therefore unsworn testimony. However, Mr. Sellers attached Mr. Laframboise's and Mr. Wehrman's sworn affidavits to their inspection reports. (Docs. 42-5; 42-7). The affidavits show the affiants' testimony is based on personal knowledge and set out facts that would be admissible in evidence, and show that the two men are competent to testify. *See* Fed. R. Civ. P. 56(c)(4). The court finds that the accompanying affidavits are sufficient attestation for these documents to be considered at this stage. *See Southland Health Servs., Inc. v. Bank of Vernon*, 887 F. Supp. 2d 1158, 1169 (N.D. Ala. 2012) (District courts may consider unsworn opinions "if there are supporting affidavits, made on personal knowledge, that 'show affirmatively that the affiant is competent to testify to the matters related therein.'" (quoting *Carr v. Tatangelo*, 338 F.3d 1259, 1273 (11th Cir. 2003)). Thus, the court will deny Nationwide's motion to strike Mr. Laframboise's and Wehrman's reports.

Mr. Boohaker's unsworn repair estimate report (doc. 42-10), on the other hand, is not supported by a sworn affidavit. Thus, the court will grant Nationwide's motion to strike that report.

### 3. Affidavits of Kimberly Sellers, Richard Laframboise, and Ronald Sellers

Nationwide argues the court should strike Ms. Sellers's affidavit because she is deceased and Mr. Sellers's affidavit because it contains inadmissible hearsay. However, an affiant's death alone does not necessarily render her sworn testimony inadmissible. *See* Fed. R. Evid. 804(a)(4). And, a district court may consider out-of-court statements within affidavits and depositions so long as they may be reduced to evidence in an admissible form at trial. *See Macuba v. Deboer*,

193 F.3d 1316, 1323 (11th Cir. 1999) ("the statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all, or is used solely for impeachment purposes."). Thus, the court will deny Nationwide's motion to strike Mr. and Ms. Sellers's affidavits, but assures Nationwide that it will only consider them in a manner consistent with the Federal Rules of Evidence.

Nationwide also argues the court should strike Mr. Laframboise's affidavit because it is not signed or witnessed in the presence of a notary public. As discussed above, unsworn statements do not fall within the materials that a district court may consider. *Southland Health Services, Inc. v. Bank of Vernon*, 887 F. Supp. 2d 1158, 1169 (N.D. Ala. 2012). Because Mr. Laframboise's affidavit is unsworn, the court cannot consider it and will grant Nationwide's motion to strike it.

## Conclusion

The court will GRANT in Part and DENY in Part Nationwide's motion to strike. More specifically, the court will STRIKE the deposition transcripts of Richard Laframbroise, Joel Wehrman, James Boohaker, Steve Durham, and Gary Gardner (docs. 42-1, 2, 6, 8, and 10); Mr. Boohaker's unsworn repair estimate report (doc. 42-10); and Mr. Laframboise's unsworn affidavit (doc. 42-11). The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 6th day of March, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE