IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONALD SELLERS, as assignee of GARY GARDNER & GARY GARDNER BUILDERS, INC.,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:15-CV-957-KOB<br>) |
| **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and STEVE DURHAM d/b/a S. DURHAM CONTRACTING,** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

"[A]ll men make mistakes, [b]ut a good man yields when he knows his course is wrong, [a]nd repairs the evil. The only crime is pride." The Antigone of Sophocles 70 (Dudley Fitts & Robert Fitzgerald trans., Harcourt Brace Publisher, 1946). While the court previously denied Defendant Nationwide's motion in limine, the court is not too proud to reconsider its ruling.

This matter comes before the court on "Nationwide's Motion to Reconsider." (Doc. 77). Nationwide challenges the court's denial without prejudice of its motion it limine. (Doc. 70). Nationwide filed a motion in limine to preclude Mr. Sellers, his counsel, and his witnesses from presenting evidence regarding an issue previously litigated in a declaratory judgment action. (Doc. 63). A jury trial was held on September 10 and 11, 2018. The jury returned a verdict in favor of Plaintiff Ronald Sellers as assignee of Gary Gardner and Gary Gardner Builders, Inc. On September 19, Nationwide submitted this motion to reconsider. (Doc. 77). On September 24, Mr. Sellers responded in opposition to the motion. (Doc. 78). The motion is now ripe for review.

1

For the reasons discussed below, the court will GRANT Defendant Nationwide's motion to reconsider, but will DENY Defendant Nationwide's motion in limine.

**I. Background**

Mr. Sellers entered into a contract with Gary Gardner and Gary Gardner Builders, Inc., for the construction of a home on August 17, 2004. (Doc. 1-1 at 5). Mr. Gardner hired Steve Durham, d/b/a Durham Contracting, as a subcontractor to provide foundation work for the home. After Mr. Sellers moved into the home, he discovered construction defects, some of which involved work on the foundation.

Nationwide insured Mr. Durham's subcontracting work. The insurance policy provided coverage for damages to other property resulting from Mr. Durham's faulty workmanship that first manifested during the policy period, which ran from December 20, 2006 through December 20, 2007. (Doc. 60 at 3).

Mr. Sellers sued Mr. Gardner and Mr. Durham over the construction defects on June 24, 2008 in the Circuit Court of Jefferson County, Alabama. (Doc 1-1 at 5). Mr. Gardner filed crossclaims against Mr. Durham in that action.

While that case was pending, Mr. Durham filed for bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama in July 2010. (Doc. 1-1 at 6). The bankruptcy court allowed Mr. Sellers to pursue his claims against Mr. Durham, but limited Mr. Sellers's recovery to Mr. Durham's available insurance benefits. Mr. Gardner filed a motion in bankruptcy court to pursue his claims against Mr. Durham by lifting the bankruptcy stay, but the bankruptcy court never ruled on that motion. The bankruptcy court discharged Mr. Durham from bankruptcy on October 8, 2010.

In the pending state court action, Mr. Sellers and Mr. Gardner entered into a settlement agreement on October 19, 2011. Mr. Sellers released all claims against Mr. Gardner in exchange for $100,000 and the assignment of Mr. Gardner's crossclaims against Mr. Durham. (Docs. 13-18, 13-19).

On July 15, 2011, Nationwide filed for declaratory judgment in the U.S. District Court for the Northern District of Alabama, seeking a determination of its obligations to defend and indemnify Mr. Durham regarding Mr. Seller's claims in the pending state court action. (Doc. 63-1 at 3). Nationwide only named Mr. Durham and Mr. Sellers as defendants in the declaratory judgment action, not Mr. Gardner, who at that time still had a crossclaim pending against Mr. Durham.

On November 17, 2011, Mr. Sellers, as the assignee of Mr. Gardner's claims, amended Mr. Gardner's earlier crossclaims against Mr. Durham in the pending state court action. (Doc. 77 at 21–29).

On August 6, 2012, Magistrate Judge Greene entered his Report & Recommendation in the declaratory judgment action. (Doc. 63-1). Judge Greene recommended that the court grant Nationwide's motion for a default judgment against Mr. Durham and that the court grant Nationwide's motion for summary judgment against Mr. Sellers. In granting the motion for summary judgment against Mr. Sellers, Judge Greene found that the workmanship damage first manifested before the insurance policy period began. Judge Probst adopted Judge Greene's Report & Recommendation. (Doc. 13-12).

Mr. Sellers and Mr. Durham entered into a consent judgment on October 11, 2013. (Doc. 1-1 at 7). The consent judgment entered into by Mr. Sellers and Mr. Durham provided for a judgment of $250,000 against Mr. Durham "for the claims asserted by Ronald Sellers,

individually and assignee of Gary Gardner / Gardner Builders." (Doc. 13-16 at 4). The consent judgment limited recovery by Mr. Sellers, individually and as Mr. Gardner's assignee, to any insurance policy covering Mr. Durham, excluding recovery from Mr. Durham personally.

On October 3, 2013, Mr. Sellers, individually and as assignee of Mr. Gardner, and Mr. Durham filed a joint motion for entry of a consent judgment in the state court action. (Doc. 13-16). On May 12, 2015, Mr. Sellers, solely as assignee of Mr. Gardner, sued Nationwide in the Circuit Court of Jefferson County, Alabama to collect the $250,000 judgment entered against Mr. Durham. (Doc. 1-1). Nationwide timely removed the case to this court on June 8, 2015. (Doc. 1).

**II. Standard of Review**

Whether to grant a motion to reconsider under Federal Rule of Civil Procedure 59(e) or 60(b) is within the discretion of the trial court. *See Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014). A motion to reconsider "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Md. v. Am. Consertech, Inc.*, No. 06-0338-CG-M, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)).

Three grounds justify reconsideration of an order: when a party submits evidence of (1) "an intervening change in controlling law," (2) "the availability of new evidence," or (3) "the need to correct clear error or manifest injustice." *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012) (quoting *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267–

68 (N.D. Ala. 2006). Motions for reconsideration should not be a "knee-jerk reaction to an adverse ruling." *Id.* (quoting *Summit Med. Ctr. of Ala., Inc.*, 284 F. Supp. 2d at 1355). "[A] motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

**III. Discussion**

At trial, the jury was instructed to provide answers to two questions: (1) whether Mr. Durham's faulty workmanship caused property damage to the Sellerses' home and (2) whether the property damage manifested during the policy period. (Doc. 76). Nationwide seeks reconsideration of its motion in limine, which sought to prevent Mr. Sellers from presenting evidence that would "re-litigate[] an issue that has been reduced to final judgment," specifically that the property damage did not manifest during the policy period. (Doc. 63 at 5). The court declined to consider the motion in limine on its merits because it raised a new, substantive legal question on the eve of trial without an opportunity for both sides to fully brief the issue and for the court to consider the legal issue, and therefore denied the motion without prejudice.

**A. Motion to Reconsider**

To grant a motion to reconsider, the moving party must produce evidence demonstrating a change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. *See Wallace*, 846 F. Supp. 2d at 1248. Although Nationwide fails to address which of the three grounds requires the court to reconsider its denial of the motion in limine, the court can deduce from the motion that Nationwide moves for reconsideration based on the need to correct clear error or prevent manifest injustice. Nationwide did not show that new evidence was available or that the law had changed following the court's previous ruling. Instead, Nationwide argues that the court failed to consider its motion in limine despite case law allowing

5

a party to raise a new, substantive legal issue in a motion in limine on the eve of trial. Therefore, the court will determine whether its prior ruling should be reconsidered based upon a clear error of law or manifest injustice.[1]

While granting a motion to reconsider is "an extreme measure," the court should grant such a motion "to prevent manifest injustice." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1380 (S.D. Ga. 2015) (quoting *Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698 (M.D. Ala. 1995)). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id.* (internal quotation marks omitted) (quoting *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)). A clear error must go beyond an arguable issue. *See Am. Home Assurance Co. v Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 Fed. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Nationwide argues that a motion in limine is properly considered before trial—even if it raises a new, substantive legal issue just before trial—so long as the motion was timely filed. A motion in limine is timely filed "at least two weeks in advance of the scheduled trial date." (Doc. 60 at 5 (emphasis omitted)). The court previously set an August 29, 2016 deadline for dispositive motions in this case when trial was scheduled for October 2016. (*Id.*). Here, Nationwide's

---

[1] Mr. Sellers argues that because Nationwide raised the issue of privity between Mr. Sellers and Mr. Gardner—an element in establishing issue preclusion not previously discussed—for the first time in its motion to reconsider, the motion to reconsider should be denied for improperly raising a new argument as grounds for reconsideration. (Doc. 78 at 13). The motion to reconsider rests not on the substantive arguments for finding whether issue preclusion applies, but instead on whether the court should have considered the motion in limine on its merits prior to trial. Therefore, the new legal arguments about issue preclusion are not considered in determining whether reconsideration is appropriate in the first place.


motion in limine was filed on August 27, 2018. (Doc. 63). Trial was scheduled to begin on September 10, 2018. August 27 was exactly 14 days prior to trial, making the motion timely filed.

Nationwide's motion in limine was not subject to the dispositive motion deadline even if the motion were in effect dispositive. A motion in limine "may have the affect [sic] of leaving a party without evidence to support some or all of their cause of action. . . . Still, the motion in limine, itself, is not a dispositive motion." *Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp. 2d 1308, 1319 (N.D. Ga. 2002).

This court hesitated in ruling on the merits of the motion in limine because it raised a substantive legal issue on the eve of trial. Little precedent exists on when is too late for a party to raise a substantive legal issue in a motion in limine. *See, e.g.*, *ART+COM Innovationpool Gmbh v. Google Inc.*, No. 1:14-217-TBD, 2016 WL 2945194 (D. Del. May 20, 2016) (finding that the court must resolve a motion in limine raising a new legal issue before the case is presented to a jury); *Poindexter v. Dep't of Human Res.*, 946 F. Supp. 2d 1278, 1285 (M.D. Ala. 2013) ("Plaintiff's argument regarding collateral estoppel is a question of law better left for a motion *in limine*.") The Supreme Court notes that no Federal Rule of Evidence even provides for motions in limine, *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); thus no federal rules dictate what types of issues a party may raise in a motion in limine. Mr. Sellers fails to offer any law to argue that a motion in limine raising a new, substantive legal issue cannot be raised just before trial. Mr. Sellers also fails to offer any law to argue that a legal issue not raised in a motion for summary judgment, when it could or should have been raised, is waived. This court, similarly, can find no such precedent for either proposition.

7

Absent law to the contrary, the court will assume that a new, substantive legal issue may be raised in a motion in limine to prevent any miscarriage of justice resulting from failure to properly consider the legal issue. Just as Creon recognized his prideful disregard of Teresias's advice was wrong, *see* The Antigone of Sophocles, *supra*, this court recognizes its clear error in wrongfully denying the motion in limine simply because the motion raised a new legal issue too late.

Mr. Sellers contends that because Nationwide had previously raised issue preclusion in its reply on motion for summary judgment, the court properly denied the motion in limine. Mr. Sellers misunderstands the court's reasoning for denying the motion in limine. The court did not consider the merits of the motion, but rather denied it because it untimely raised a new, substantive legal issue. However, even assuming that the court did deny the motion in limine because Nationwide waived issue preclusion by previously raising it too late in its motion for summary judgment reply brief, this argument fails.

To the extent Mr. Sellers means that Nationwide waived this argument *on reply on the motion for summary judgment*, this court agrees and so ruled in its Memorandum Opinion on Nationwide's motion for summary judgment. (Doc. 24 at 11). But Nationwide reasserted its preclusion argument several times, including in its "Memorandum of Law Regarding Legal Issues Identified by Court," (doc. 36 at 29–30); in its "Reply in Support of Memorandum of Law Regarding Legal Issues Identified by Court," (doc. 44 at 8–9); and in a joint status report, (doc. 49 at 5). Previously raising an argument in a reply brief that the court refused to address does not preclude a party from reasserting that argument in a timely motion, so long as the grounds are not time limited. *Compare Poindexter*, 946 F. Supp. 2d at 1285 (refraining from ruling on preclusion issue on summary judgment, but noting the argument should be saved for a motion in

limine), *with* Fed. R. Civ. P. 12(h) (explaining that defenses under Rule 12(b)(2)–(5) are waived if not raised in the initial responsive pleading or motion).

Even though the motion in limine raised a new legal argument on the eve of trial, the court should have considered the motion on its merits. Therefore, the court will grant the motion to reconsider.

### B. Motion in Limine

The court will now assess whether it should have granted Nationwide's motion in limine to preclude Mr. Sellers, his counsel, and his witnesses from presenting evidence that the workmanship damages manifested during the policy period "because the issue has been fully litigated between the two parties" in the prior declaratory judgment action. (Doc. 63 at 5). Nationwide contends that issue preclusion bars Mr. Sellers from presenting evidence at trial that the damages manifested during the policy period because Magistrate Judge Greene, as adopted by Judge Probst, found that the damages did not manifest during the policy period.

"Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 747, 748–49 (2002). Issue preclusion, along with claim preclusion, "protect[s] against 'the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)).

In issue preclusion, the court applies the preclusion law of the same legal system that determined the underlying case. *See CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d

1309, 1316 (11th Cir. 2003). Because the underlying case here was decided in federal district court, federal preclusion law applies. Under federal law, issue preclusion has four requirements: (1) the same issue was raised in the prior action, (2) the issue was actually litigated, (3) the determination of the issue was essential to the judgment reached, and (4) the party to be precluded had a full and fair opportunity to litigate the issue in the prior action. *See id.* at 1317.

Mr. Sellers maintains that the court ruled definitively on issue preclusion in its earlier Memorandum Opinion in which the court wrote three pages of legal analysis on issue preclusion. After recognizing that the court should disregard the argument because it was raised for the first time on reply, the court wrote that "even when considered on the merits, Nationwide's argument [on issue preclusion] fails." (Doc. 24 at 11). The Memorandum Opinion explained that different issues were involved in the underlying case and the present case, and therefore issue preclusion did not apply.

Black's Law Dictionary defines "judicial dictum" as "[a]n opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision and therefore not binding even if it may later be accorded some weight." *Dictum*, Black's Law Dictionary (10th ed. 2014). Dictum is not binding even if it appears earlier in the same case. *See Lebron v. Sec'y of Fla. Dep't of Children & Families*, 772 F.3d 1352, 1360 (11th Cir. 2014). The court denied Nationwide's issue preclusion argument on summary judgment because Nationwide first raised the argument in its reply brief. The analysis after the court dismissed the argument for being untimely raised was not essential to the court's judgment. Thus, the three-page issue preclusion analysis in the Memorandum Opinion was dictum and has no precedential value.

In the briefings on the motion to reconsider, neither party challenged whether the issue was identical to the issue litigated before Judge Greene. Instead, the parties dispute only the fourth element of whether the party to be precluded had a full and fair opportunity to litigate the issue in the prior action. The court assumes, without deciding, that the first three elements are met and turns to the fourth element.

Generally, issue preclusion can only be used against someone who was a party to the prior action. *See Taylor*, 553 U.S. at 892–92 (citing *Richards v. Jefferson County*, 517 U.S. 798 (1996)). Nationwide asserts that because Mr. Sellers was a party to the underlying action, issue preclusion applies against him in this case. In the underlying action, Nationwide sued Mr. Sellers and Mr. Durham. In this action, Mr. Gardner and Gary Gardner Builders, Inc., through Mr. Sellers as the assignee, are suing Nationwide. Mr. Gardner was not a party to the underlying action. But Nationwide argues that issue preclusion may still bar Mr. Sellers as the assignee of Mr. Gardner from litigating this issue because one of the exceptions to nonparty preclusion applies.

The Eleventh Circuit recognizes six exceptions to the rule that issue preclusion may only be asserted against a party that was also a party to the underlying action:

> A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

*Griswold v. City of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). Nationwide argues that the assignment of Mr. Gardner's crossclaim to Mr. Sellers placed the two parties in privity; therefore the second exception for a substantive legal relationship between the parties would

allow Nationwide to assert issue preclusion against Mr. Gardner. Mr. Sellers contends that the parties were not in privity during the relevant time and that Nationwide misrepresents the exception as it applies to assignments of legal rights.

Substantive legal relationships include "'preceding and succeeding owners of property, bailee and bailor, and assignee and assignor,' and are sometimes described as 'privity.'" *Axiom Worldwide v. Excite Med. Corp.*, 591 Fed. App'x 767, 772 (11th Cir. 2014). In this case, the facts are unclear as to when Mr. Gardner and Mr. Sellers came into privity. On July 15, 2011, Nationwide filed the underlying declaratory judgment action. (Doc. 24 at 3). On October 19, 2011, Mr. Gardner assigned his crossclaims against Mr. Durham to Mr. Sellers. (Doc. 77 at 17). On November 17, 2011, Mr. Sellers filed an amended counterclaim in state court as the assignee of Mr. Gardner. (Doc. 77 at 29). On August 6, 2012, Judge Greene entered summary judgment in favor of Nationwide. (Doc. 63-1 at 3).

The court is left with questions regarding the status of the parties between the assignment and the entry of summary judgment. Was Mr. Sellers required to assert Mr. Gardner's rights in a case in which Nationwide failed to name him as a defendant? Should Mr. Sellers have joined Mr. Gardner as a defendant in the underlying action, potentially subjecting Mr. Gardner to more liability? Could Mr. Sellers assert Mr. Gardner's rights in the declaratory judgment when Mr. Gardner was not sued and the assignment only applied to the crossclaims against Mr. Durham? Nationwide contends that because Mr. Gardner assigned his crossclaims to Mr. Sellers while the declaratory judgment action was pending, Mr. Sellers and Mr. Gardner were in privity during all relevant times in the underlying action. But this court is not so convinced.

Even assuming that Mr. Sellers and Mr. Gardner were in privity during the underlying action, Nationwide misapplies the privity exception to issue preclusion. Nationwide states that

Mr. Gardner, as assignor, is bound by the decisions of Mr. Sellers, as assignee, in a previous action. This configuration is backwards. The Eleventh Circuit recognizes that an assignee is bound by the prior actions of the assignor. *See Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312 (11th Cir. 2012); *see also Axiom Worldwide*, 591 Fed. App'x 767. But no case law in any circuit suggests that an assignee can bind an assignor through the assignee's prior actions.

Nationwide argues that by not recognizing this configuration of privity, the parties "are robbed of . . . predictability [of the preclusive effect of judgments], and advising a client whether to pursue a declaratory judgment action is that much more difficult to analyze accurately." (Doc. 77 at 9). While the court understands the importance of predictable results under the law, the court also recognizes a competing interest: that every plaintiff deserves his day in court. *See Ctr. for Prof'l Advancement v. Mazzie*, 347 F. Supp. 2d 150, 159 (D.N.J. 2004) (holding that applying issue preclusion against a nonparty would deprive that party of its deserved day in court). By failing to join Mr. Gardner in the prior action, Nationwide deprived Mr. Gardner of the opportunity to fully and fairly litigate whether Nationwide's policy with Mr. Durham covered Mr. Gardner's claim. The court is not convinced that predictability should outweigh Mr. Gardner's legal rights, even when asserted by an assignee.

Therefore, the court will deny Nationwide's motion in limine because privity did not exist in the proper configuration between the parties during the original declaratory judgment litigation, and so the parties failed to meet the four requirements of issue preclusion.

## IV. Conclusion

For the reasons discussed above, the court will GRANT Defendant Nationwide's motion to reconsider. On reconsideration, the court will DENY Defendant Nationwide's motion in

13

limine. Thus, judgment will be entered in favor of Plaintiff Ronald Sellers as assignee of Gary Gardner and Gary Gardner Builders, Inc. and against Defendant Nationwide, consistent with the returned jury verdict. The court will enter a separate Order consistent with this Memorandum Opinion and a separate judgment on the jury verdict.

**DONE** and **ORDERED** this 28th day of November, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE